IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NOLAN D. BOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 3:20-cv-00737-GCS |
| | ) |
| LT. SHREEVE, SGT. LOWRY, C/O BOOK, SGT. ZURLIENE, A. W. THOMPSON, C/O HEMANN, C/O STAUFFER, C/O KREBS, MICHELLE DOOLEY, and LT. ROBINSON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**[1]

Plaintiff Nolan D. Bolden, an inmate in the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Plaintiff alleges Defendants used excessive force and failed to protect him, all in violation of the Eighth Amendment. Plaintiff seeks monetary damages.

---

[1]   The Court has jurisdiction to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

On April 23, 2020, Lt. Shreeve, Sgt. Lowry, and C/O Book used excessive force on Plaintiff because he asked for a crisis team and refused to go in his cell. (Doc. 1, p. 4). They threw him against the shower door, twisted his wrists which were cuffed, and punched him in his sides. *Id.* at p. 4, 6, and 8. They threw him in his cell. Warden Thompson later placed him on crisis watch.

On June 11, 2020, Lt. Shreeve again used excessive force by choking him twice while on crisis watch. (Doc. 1, p. 4-5). C/O Hemann, C/O Stauffer, C/O Krebs, and Mrs. Dolley all witnessed the assault but failed to intervene. *Id.* at p. 4-5, 14, 16, 18, and 20. C/O Krebs and C/O Stauffer held his arms while Lt. Shreeve choked him. *Id.* at p. 16, 18.

On June 23, 2020, Sgt. Zurliene, C/O Duck, and C/O Book were passing out ice and Plaintiff informed them that Warden Thompson said that the chuckholes should remain open overnight. (Doc. 1, p. 10). Sgt. Zurliene used force against Plaintiff by twisting his wrists and closing the chuckhole on his hands. *Id.*

Plaintiff informed Warden Thompson about all three of the incidents and told him that he was afraid for his safety, but Warden Thompson refused to do anything. (Doc. 1, p. 12). Plaintiff also informed Lt. Robinson about each of the incidents, but he refused to do anything and instead placed him back in the unit with the defendants.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following five counts:

> **Count 1:** Eighth Amendment excessive force claim against Lt. Shreeve, Sgt. Lowry, and C/O Book for their use of force against Plaintiff on April 23, 2020.
>
> **Count 2:** Eighth Amendment excessive force claim against Lt. Shreeve, C/O Krebs, and C/O Stauffer for their use of force against Plaintiff on June 11, 2020.
>
> **Count 3:** Eighth Amendment failure to intervene claim against C/O Krebs, C/O Stauffer, C/O Hemann, and Dooley for their failure to intervene in the June 11, 2020 incident.
>
> **Count 4:** Eighth Amendment excessive force claim against Sgt. Zurliene for his use of force against Plaintiff on June 23, 2020.
>
> **Count 5:** Eighth Amendment failure to protect claim against Warden Thompson and Lt. Robinson for failing to move Plaintiff or investigate after he reported the use of excessive force.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Plaintiff alleges sufficient facts to state viable claims of excessive force in Counts 1, 2, and 4. *See DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000), abrogated on other grounds by, *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Plaintiff also alleges sufficient facts to state a viable claim in Count 3 against C/O Krebs, C/O Stauffer, C/O Hemann, and Dooley for failing to intervene in the June 11, 2020 incident. *See Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017). Likewise, he states a viable claim against Thompson and Robinson for failure to protect. *See Farmer v. Brennan,* 511 U.S. 825, 834, 837 (1994); *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).

## DISPOSITION

The Clerk of Court shall prepare for Defendants Lt. Shreeve, Sgt. Lowry, C/O Book, Sgt. Zurliene, A.W. Thompson, C/O Hemann, C/O Stauffer, C/O Krebs, Michelle Dooley, and Lt. Robinson: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the Defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from

---

[2] *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not

later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 9, 2020.**

Digitally signed by Judge Sison 2
Date: 2020.11.09 14:47:21 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, so as to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**